RENDERED: NOVEMBER 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1488-MR

MORRIS COPLEY; CHRIS NEACE;
MARK FANNIN; MIKE SHORT;
SETH LAUFFER; AND ZACH
LUKINS                                                          APPELLANTS

v.            APPEAL FROM JOHNSON CIRCUIT COURT
              HONORABLE JOHN K. HOLBROOK, JUDGE
              ACTION NO. 21-CI-00232

SPENCER BRANHAM, A MINOR,
BY AND THROUGH HIS NEXT
FRIEND, AVENELLE SHAFFER                                           APPELLEE

OPINION
AFFIRMING IN PART,
REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND McNEILL, JUDGES.

COMBS, JUDGE: This case arises in the tort of negligence and explores the

parameters of the doctrine of qualified official immunity within the context of

volunteer high school coaching activities. Zach Lukins, Mike Short, Mark Fannin, Chris Neace, and Seth Lauffer appeal an interlocutory order of the Johnson Circuit Court entered on December 6, 2023. In its order, the trial court concluded, in part, that these defendants, volunteer interscholastic football coaches, were not entitled to invoke the immunity from legal liability shielding government officials and employees. Consequently, it denied their motion for summary judgment.

In an interlocutory order entered on November 3, 2023, the trial court concluded that Morris Copley, the school district's athletic director, was entitled to absolute immunity with respect to the tort action brought against him in his official capacity. Nevertheless, Copley joins the appeal contending that he is entitled to qualified official immunity with respect to the action brought against him in his individual capacity.

After our review, we affirm in part and remand in part the trial court's order concerning the volunteer coaches. We reverse and remand with respect to its order concerning Copley in his individual capacity.

In September 2021, Spencer, a minor, by and though his next friend, Avenelle Shaffer, filed a civil action against Lukins, Short, Fannin, Neace, Lauffer, Copley, and others not pertinent to this appeal. In his complaint, Spencer alleged that he suffered injuries on the football practice field while under the supervision of the athletic director and his football coaches, each of whom was an "agent

and/or employee of the Paintsville Independent School District." Specifically, Spencer alleged that each defendant breached the duty to exercise reasonable care for his safety and well-being by failing to ensure that he was wearing a properly fitted football helmet. The defendants answered and denied liability. They also asserted that they were immune from suit. A period of discovery began.

In August 2023, Lukins, Short, Fannin, Neace, and Lauffer joined with other defendants in a motion for partial summary judgment. They argued that as volunteer coaches of the elementary and middle school football teams, they were "affiliated" with the school district and that each of them was immune from suit on the basis of *absolute official immunity*. In his response, Spencer argued that summary judgment could not be granted by the court on this basis because governmental immunity does not extend to "parents who may be present at practice or individuals involved with the team in a volunteer capacity." He contended that the defendants "have put forth no evidence of what [*sic*] individuals, if any, are employees" of the school district.

In an order entered November 3, 3023, the trial court denied the motion for partial summary judgment, noting that "there is not enough evidence in the record to have the required certainty as to the role these Defendants played as employees and/or agents" of the school district. However, with respect to Copley, the school district's athletic director, the court determined that principles of

absolute immunity applied. Copley was granted summary judgment with respect to the negligence claims asserted against him, a government employee, in his official capacity.

On November 9, 2023, Lukins, Short, Fannin, Neace, Lauffer, and Copley filed a motion for partial summary judgment on the basis of *qualified official immunity*. The coaches contended that their conduct involved the exercise of discretion (*i.e.*, establishing a proper fit for the child's football helmet) and that they were, thereby, shielded from liability. In the alternative, each coach argued that he was entitled to immunity provided by relevant statutory provisions aimed at protecting volunteers from damages based upon their negligent acts. Finally, the coaches asked the court to revisit its denial of their motion for summary judgment based on principles of absolute official immunity. They argued that even if their conduct was negligent, it was undertaken by each of them pursuant to his duties as an agent of the school board and was not actionable. Copley argued that the allegations against him individually involved the exercise of his discretionary duties as athletic director of the school district.

On December 4, 2023, Lukins, Short, Fannin, Neace, and Lauffer filed a notice of interlocutory appeal to this Court. They sought to appeal the circuit court's initial order entered November 3, 2023, denying their motion for

summary judgment on the basis of absolute official immunity. This appeal was docketed and designated No. 2023-CA-1412-MR.

In its order entered on December 6, 2023, the trial court denied the second motion for summary judgment. It determined that the coaches could not rely upon qualified official immunity principles, reasoning that the lack of ensuring that a child's football helmet is properly fitted according to established safety standards is primarily ministerial in nature. Moreover, it accepted their representation that they were acting merely as volunteers. The court concluded that the volunteers are not entitled to governmental immunity -- as a matter of law -- because they are not district employees or officials. With respect to Copley, the athletic director, the trial court concluded that he had a duty to ensure that guidelines for the fitting of football helmets were followed and also that this was a ministerial duty. Thus, the court held that Copley was not entitled to qualified official immunity. The court did not address the volunteers' assertion that specific state and federal statutory provisions granted them immunity.

On December 13, 2023, this court directed Lukins, Short, Fannin, Neace, and Lauffer to show cause why their appeal, No. 2023-CA-1412-MR, should not be dismissed.

On December 18, 2023, Lukins, Short, Fannin, Neace, Lauffer, and Copley filed a second notice of interlocutory appeal to this Court. They sought to

-5-

appeal the circuit court's order entered on December 6, 2023. The appeal was docketed and designated No. 2023-CA-1488-MR.

The appellants filed their response to our show-cause order on January 2, 2024. Unpersuaded by their arguments, we dismissed the first appeal in an order entered on February 20, 2024.

For purposes of this appeal, it is helpful to review why the first appeal was dismissed. An order denying a motion for summary judgment is interlocutory. Consequently, it is not generally subject to immediate appellate review. However, where a substantial claim of absolute immunity serves as the basis of a trial court's order denying summary judgment, unique issues arise concerning the effect of postponing appellate review. *See Breathitt Cnty. Bd. of Educ. v. Prater*, 292 S.W.3d 883 (Ky. 2009). Absolute immunity is meant to shield a defendant not only from liability but from the costs and burdens of unwarranted litigation as well. *Id.* Therefore, postponing appellate review of an order denying a claim to such immunity until a court's order is final could very well be both futile and costly. For this reason, while it remains interlocutory, such an order becomes subject to our immediate review.

However, a trial court's order is not immediately appealable simply because a claim of immunity is at issue. If the trial court's decision leaves the immunity question unresolved, its order is **not** immediately appealable. *See Upper*

-6-

*Pond Creek Volunteer Fire Department, Inc. v. Kinser*, 617 S.W.3d 328 (Ky. 2020).

In this case, the Johnson Circuit Court indicated that there existed genuine issues of material fact with respect to whether the defendants were school officials or volunteers. Therefore, we reasoned that the court had not yet actually denied their claim of immunity. Because the circuit court determined that the nature of each coach's relationship with the school district was relevant yet remained unresolved, it did not finally decide the immunity question in its order of November 3, 2023. Under those circumstances, we concluded that our immediate review was unwarranted. Separately, we noted that the circuit court's subsequent order of December 6, 2023, "purports to resolve the [outstanding issue of fact]" and concluded that "it would appear the issues which could have been litigated in this appeal, if proper, are completely subsumed by the second-filed appeal."

In this, the "second-filed appeal," Lukins, Short, Fannin, Neace, and Lauffer argue that the trial court erred by concluding that they are not entitled to the protection provided by governmental and qualified official immunity. We disagree.

We review a trial court's summary judgment order to determine whether the court correctly concluded that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Lewis v.*

*B & R Corp.*, 56 S.W.3d 432 (Ky. App. 2001). Because the trial court's summary judgment involves only legal questions, we do not defer to its decision. *Id.* Instead, we review the trial court's order *de novo*. *Id.* Determinations concerning the application of statutory grants of immunity are also reviewed *de novo. Rowan Cnty. v. Sloas*, 201 S.W.3d 469 (Ky. 2006).

Governmental immunity, a policy linked to principles of sovereign immunity, protects government entities from civil liability. *Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001). It is rooted in deference to the doctrine of separation of powers; *i.e.*, courts should not impose civil liability on government entities engaged in official functions where it would likely disrupt the business of governing. *See* KY. CONST. §§ 27, 28; *Caneyville Volunteer Fire Dep't v. Green's Motorcycle Salvage, Inc.*, 286 S.W.3d 790 (Ky. 2009).

Moreover, the governmental immunity that an agency enjoys extends to the *official acts* of its officers and employees. *Yanero*, 65 S.W.3d 510. Where a public officer or employee is sued for negligent acts in his *individual capacity*, he may be entitled to the protection afforded by qualified official immunity. *Id.* However, qualified official immunity protects public officers and employees from personal liability for the negligent performance of duties only where the responsibilities at issue are *discretionary* in nature and not merely *ministerial*.

*Ashby v. City of Louisville*, 841 S.W.2d 184, 188 (Ky. App. 1992) (citing

*Thompson v. Huecker*, 559 S.W.2d 488 (Ky. App. 1977)).

At various points in their pleadings, memoranda, and motions, Lukins, Short, Fannin, Neace, and Lauffer have indicated that they were volunteers (self-described as "a bunch of dads coaching football") for the elementary and middle school football teams at the time Spencer was injured. Consequently, in its second order, the Johnson Circuit Court determined that there was no genuine issue of material fact concerning the status of each defendant as a volunteer. Spencer did not appeal the decision.

In their brief to this Court, Lukins, Short, Fannin, Neace, and Lauffer reiterate that they were acting as volunteers when Spencer was injured. Nevertheless, they contend that the trial court erred by concluding that they are not entitled to the same immunity enjoyed by public officials and employees under our common law. They urge that when our courts consider whether an individual or entity is entitled to immunity, we should "favor substance over form." In support of this premise, they rely upon the decision of the Supreme Court of Kentucky in *Autry v. Western Kentucky University*, 219 S.W.3d 713 (Ky. 2007).

In *Autry*, SLF, Inc., owned a dormitory at Western Kentucky University (WKU). With respect to its relationship with the university, the Court explained as follows:

> WKU is a governmental agency fulfilling the public
> purpose of higher education by providing residence halls
> to its students which it manages and controls. It uses
> SLF as an agent to own property for WKU's purposes.
> This is all that SLF does.

219 S.W.3d at 719. Because the corporation existed exclusively to serve as title owner of the property that the university needed, SLF was held to be the school's alter ego. Consequently, it shared in the university's immunity.

Lukins, Short, Fannin, Neace, and Lauffer submit that they served "at the request of the varsity high school football coaches or with the approval of the principals of the elementary and middle schools." It is true that the high school coaches relied on volunteer coaches for the elementary and middle school teams, and school officials approved their participation. However, we are not persuaded that Lukins, Short, Fannin, Neace, and Lauffer acted as agents or alter egos of the school district. In light of our review of the evidence presented, we cannot conclude that principles of governmental immunity can be expanded to protect a "bunch of dads coaching football" who are not otherwise public employees, officials, or agents of the district.

Lukins, Short, Fannin, Neace, and Lauffer also rely on the decision of the Supreme Court of Kentucky in *Caneyville Volunteer Fire Department v. Green's Motorcycle Salvage, Inc.*, 286 S.W.3d 790. In *Caneyville*, the Court concluded that volunteer fire departments are agents of the Commonwealth. The

-10-

conclusion was based, in part, upon the essential governmental function that fire departments provide to local communities.

> [I]n providing for the safety and well-being of its citizens -- and because there is likely no more epitomizing symbol of government function -- reason dictates [that volunteer fire departments] must be considered [agents] of the sovereign.

286 S.W.3d at 805. Consequently, they are "cloaked in immunity from suit in tort." *Id.*

The Court explained that where an entity is entitled to government immunity, the General Assembly may draft legislation recognizing that immunity. *Id.* The General Assembly embraced public policy promoting the immunity of the fire department's personnel -- volunteer firefighters -- by enacting the specific provisions of KRS[1] 75.070. The statute confers governmental immunity specifically upon volunteer fire departments and qualified official immunity to volunteer firefighters engaged in discretionary functions. *Caneyville*, 286 S.W.3d at 807.

Lukins, Short, Fannin, Neace, and Lauffer rely on this analysis to convince us that they, too, are entitled to share in the school district's governmental immunity even though they were not government officials or employees. However, we are not persuaded that our Supreme Court's discussion

---

[1] Kentucky Revised Statutes.

of a statutory provision that extended immunity specifically to volunteer firefighters supports this argument. The *Caneyville* Court concluded that a volunteer fire department is an agent of the Commonwealth and that the General Assembly was, therefore, empowered to extend governmental immunity to fire department *personnel* engaged in discretionary functions. The role of recreational volunteer football coaches is in no fashion analogous to the **statutorily recognized** role of volunteer firemen officially entrusted with protecting public safety.

We affirm the reasoning of the trial court up to this point. However, as Lukins, Short, Fannin, Neace, and Lauffer observe, the provisions of Kentucky's Volunteer Protection Act, KRS 411.200, and the federal Volunteer Protection Act of 1997, 42 U.S.C.[2] § 14501 *et seq.*, are indeed relevant to this discussion. These statutes define the immunity provided to volunteers (and others) of nonprofit organizations and government entities where the volunteer acted in good faith; within the scope of his responsibilities; and without engaging in willful or wanton misconduct.

In its order of December 6, 2023, denying the motion for summary judgment, the Johnson Circuit Court carefully outlined the parties' arguments with respect to the applicability of the state and federal acts aimed at protecting volunteers from liability, and it summarized each party's evidence. However, the

---

[2] United States Code.

-12-

circuit court **did not grant nor did it deny** a claim of immunity on the basis of these statutes. In fact, its order did not conclusively determine any disputed question or resolve any legal right derived from the federal or state provisions.

As discussed above, a trial court's order is not immediately appealable simply because a claim of immunity is at issue. If the trial court's decision leaves the immunity question unresolved, its order is **not** immediately appealable. *See Kinser*, 617 S.W.3d 328. Where the circuit court did not fully address the immunity question and render a final ruling with respect to the applicability of the state and/or federal immunity statutes, we lack jurisdiction to consider the coaches' arguments relative to that issue on appeal. Therefore, we remand this issue with direction that the trial court resolve the immunity issue as to Lykins, Short, Fannin, Neace, and Lauffer with respect to the state and federal volunteer statutes.

Finally, we consider the argument of Copley, the school district's athletic director, that the circuit court erred by concluding that he is not entitled to qualified official immunity with respect to the action brought against him in his individual capacity. Whether Copley is protected from personal liability depends upon whether the responsibilities at issue in the tort action are *discretionary* or *ministerial* in nature.

Copley indicated that the head varsity coach and his assistants recruited and recommended the elementary and middle school coaches. He

indicated that he could be involved in approving these selections. In his role as athletic director, Copley was responsible for training the varsity staff on equipment fitting. He encouraged the varsity staff to train the elementary and middle school coaches. Copley did not fit Spencer with a football helmet, nor was he present on the football practice field when Spencer was injured. There is no evidence to suggest that he failed to train the varsity staff correctly or had any reason to know that Spencer's helmet had not been properly fitted.

Public employees are responsible only for their own negligence and are not responsible for the negligence of those employed by them as long as they have chosen persons of suitable skill. *Yanero*, 65 S.W.3d 510. There is no evidence to suggest that Copley approved coaches who were known to him to be incompetent to supervise or train elementary and middle school children. Instead, he exercised his discretion in approving the candidates. Consequently, we conclude that Copley was entitled to rely on the defense of qualified official immunity with respect to the action brought against him in his individual capacity. The trial court erred by denying Copley's motion for summary judgment on this issue.

The interlocutory order of the Johnson Circuit Court is affirmed in part and reversed in part and remanded.

We now summarize our holdings as follows. As to Lykins, Fannin, Short, Neace, and Lauffer, we affirm in part the order denying their motion for summary judgment and remand in part for resolution of immunity based on state and federal volunteer/immunity statutes. As to Copley, we affirm with respect to the order granting him absolute immunity for the action brought against him in his official capacity. We reverse the order denying him qualified immunity from liability in his individual capacity and remand for an order consistent with this conclusion.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Jonathan C. Shaw
Paintsville, Kentucky

Barbara A. Kriz
Christopher S. Turner
Lexington, Kentucky

BRIEF FOR APPELLEE:

Joseph C. Klausing
Shem D. Beard
Louisville, Kentucky